UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HARISCHANDRA KHEMLAL,                          :

             Petitioner,                :          14 Civ. 5186 (AJP)

      -against-                                :          **OPINION & ORDER**

CHRISTOPHER SHANAHAN, et al.,                   :

           Respondents.               :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANDREW J. PECK, United States Magistrate Judge:**

        Petitioner Harischandra Khemlall seeks a writ of habeas corpus pursuant to 28 U.S.C.

§ 2241 from his October 21, 2012 detention by the United States Department of Homeland Security

("DHS"), Bureau of Immigration and Customs Enforcement ("ICE").  (Dkt. No. 1: Pet. ¶¶1a, 2a.)

Khemlall is detained pursuant to Section 241(a)(5) of the Immigration and Nationality Act ("INA")

(codified at 8 U.S.C. § 1231), which reinstates a prior removal order when an alien illegally reenters

the United States.  (Pet. ¶ 5b.)  Khemlall's petition asserts that his detention is not governed by 8

U.S.C. § 1231, but rather by 8 U.S.C. § 1226 (INA § 236), which provides for the detention of aliens

whose removal proceedings are ongoing.  (Pet. ¶ 6b.)  Khemlall's petition also asserts that his

detention violates due process, both because he has not yet received a custody determination under

8 U.S.C. § 1226, and because his removal from the United States is not reasonably foreseeable.

(Pet. ¶¶ 2a, 9b.)

        The parties have consented to my decision of this case pursuant to 28 U.S.C. §

636(c).  (Dkt. No. 6: 8/13/14 Consent to Magistrate Judge Jurisdiction.)  The Court heard oral

2

argument on October 8, 2014.  For the reasons set forth below, Khemlall's habeas petition is

DENIED.[1]

## FACTS

### A.   Khemlall's First Illegal Entry And Removal Order

On September 21, 2000, Khemlall, a native and citizen of Guyana, arrived at Miami

International Airport on a flight from Trinidad.  (Dkt. No. 1: Pet. ¶¶ 4a, 5a; Pet. App. at 257.)[2]  The

Immigration and Naturalization Service ("INS") marked the Trinidadian passport Khemlall

presented upon arrival in Miami as a "T/M Lookout" for further inspection.  (Pet. App. at 257, 258.)

Upon inspection, the INS officer determined that the passport did not belong to Khemlall and he was

deemed inadmissible.  (Pet. App. at 257, 258.)  On October 3, 2000, INS issued an expedited

removal order under INA § 235(b)(1) (codified at 8 U.S.C. 1225), and Khemlall was returned to

Trinidad on October 4, 2000.  (Pet. ¶ 5a; Pet. App. at 255.)

### B.   Khemlall's Second Illegal Entry And Current Removal Proceedings

Khemlall re-entered the United States at John F. Kennedy International Airport in

New York City on May 1, 2002.  (Dkt. No. 1: Pet. App. at 282.)  On October 21, 2012, following

an arrest, he was detained by ICE at the Bergen County Jail in Hackensack, New Jersey, pursuant

to INA § 241(a)(5) (codified at 8 U.S.C. § 1231).  (Pet. ¶¶ 1a, 5b; Pet. App. at 276.)  On October 21,

2012, Khemlall's October 4, 2000 removal order was reinstated.  (Pet. ¶ 5b; Pet. App. at 252.)  ICE

---

[1]   The petition also seeks certain files about Khemlall pursuant to the Freedom of Information
Act.  (Pet. ¶ 7a.)  The parties have advised the Court that they are in the process of resolving
that issue.  (See Dkt. Nos. 16-17; see also Dkt. No. 7: Gov't Br. at 5 n.5.)

[2]   All cites to "Pet. App." refer to the appendix submitted by Khemlall in support of his
petition.  Documents within the appendix are identified by the large Bates number stamped
on each page.

provided Khemlall with a Notice to Alien of File Custody Review on December 11, 2012, stating that his custody status would be reviewed on or about January 4, 2013.  (Dkt. No. 8: Return Ex. A.) The notice details that Khemlall is detained in accordance with INA § 241 and that his prior order of removal became final on September 22, 2000.  (Return Ex. A.)

Khemlall expressed a fear of returning to Guyana, and on December 13, 2012 he received a "Reasonable Fear" interview before an INS asylum officer, as required by 8 C.F.R. § 208.31. (Pet. ¶ 5c; Pet. App. at 260-63.)  The purpose of the interview was to determine whether Khemlall should be referred to an Immigration Judge for withholding or deferral of removal.  (Pet. App. at 260.)  The asylum officer concluded that Khemlall's fear of returning to Guyana was sufficiently detailed, consistent and plausible to be credible, and issued a Reasonable Fear Determination on January 18, 2013 recommending referral to an immigration judge.  (Pet. App. at 262-67.)  On May 17, 2013, the Immigration Judge issued an order denying Khemlall's application for withholding.  (Pet. ¶ 5c; Return Ex. B.)  Subsequently, Khemlall appealed the decision to deny withholding to the Board of Immigration Appeals.  (Pet. ¶¶ 5d-5e.)  Khemlall's appeal was granted on November 20, 2013, and on remand a withholding-only hearing is scheduled to take place in Immigration Court on October 20, 2014.  (Pet. ¶ 5e; Return Ex. C.; see also Pet. ¶ 5f; Pet. App. at 282-306.)

In the meantime, ICE regularly reviewed Khemlall's custody status on April 25, 2013, July 22, 2013, October 28, 2013, April 28, 2014, and July 22, 2014; each time the ICE Headquarters Post Order Custody Review Unit determined that Khemlall should continue to be detained.  (Return Exs. D-H; see Pet. ¶ 6a.)

### ANALYSIS

## I.   JURISDICTION

Khemlall filed this habeas petition on July 11, 2014, when he was present in this District to attend a withholding-only proceeding before the Immigration Court.  (Dkt. No. 1: Pet. ¶ 1a.)  This Court has subject matter jurisdiction over Khemlall's habeas corpus petition pursuant to 28 U.S.C. § 2241.  See Rumsfeld v. Padilla, 542 U.S. 426, 443, 124 S. Ct. 2711, 2722 (2004) ("jurisdiction lies in only one district: the district of confinement"); Guo v. Napolitano, 9 Civ. 3023, 2009 WL 2840400 at *5 (S.D.N.Y. Sept. 2, 2009) (jurisdiction over a habeas petition is established at the time the petition is filed).  The government "concede[s] that in light of Khemlall's temporary presence in this District on July 11, 2014, this court has jurisdiction to consider the merits of the Petition."  (Dkt. No. 7: Gov't Br. at 5 n.4.) [3/]

---

[3/]    The government argues that the proper respondent in this matter is Yvette Tay-Taylor, the ICE Assistant Field Office Director with authority over the Varick Detention Center, where Khemlall was detained when he filed this petition.  (Dkt. No. 7: Gov't Br. at 6.)  Christopher Shanahan, ICE Field Office Director for New York City, whom Khemlall has named as a respondent (Pet. ¶ 4b; see also Dkt. No. 14: Pet. Reply Br. at 1-2), also would appear to have had the capacity to produce Khemlall during his detention at the Varick Detention Center. The majority view in the Second Circuit requires the "immediate custodian," generally the prison warden, to be named as a respondent in "core" immigration habeas proceedings–i.e., those challenging present physical confinement. See, e.g., Rumsfeld v. Padilla, 542 U.S. at 435, 124 S. Ct. at 2718; Singh v. Holder, 12 Civ. 4731, 2012 WL 5878677 at *2 (S.D.N.Y. Nov. 21, 2012); Santana v. Muller, 12 Civ. 430, 2012 WL 951768 at *2 (S.D.N.Y Mar. 21, 2012); Guo v. Napolitano, 2009 WL 2840400 at *3; Catellanos v. Mukasey, No. CV-08-2583, 2008 WL 4185700 at *3 (E.D.N.Y. Sept. 8, 2008).  Because resolution of who is the proper respondent will not affect the disposition of this petition, the Court will not address it further.

**II.      KHEMLALL'S DETENTION IS AUTHORIZED BY 8 U.S.C § 1231**

**A.      Statutory Framework Governing Illegal Reentrants**

The detention of an alien subject to a final order of removal is governed by INA § 241 (codified at 8 U.S.C.§ 1231).  The statute expressly provides for the custody of aliens who have illegally reentered the United States after having already been removed:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

8 U.S.C. § 1231(a)(5).

Khemlall illegally entered the United States on September 21, 2000 and on October 3, 2000, the INS issued an expedited removal order under INA § 235(b)(1).  (See page 2 above.) After his illegal reentry in 2002, ICE reinstated Khemlall's prior removal order as the statute requires.  (See page 2 above.)  Khemlall does not challenge any of the predicate facts supporting reinstatement of the removal order: (1) he is an alien who has (2) reentered the United States illegally after (3) having been removed under an order of removal.  (Dkt. No. 14: Pet. Reply Br. at 4, 5 ("Petitioner here however has clearly not challenged in his habeas petition the validity of his reinstated expedited removal order.  That removal order has long been 'final.' . . . Mr. Khemlall only challenges the legality and propriety of his continued detention . . . .").)  See 8 U.S.C. 1231(a)(5); 8 C.F.R. § 241.8(a) ("An alien who illegally reenters the United States after having been removed, or having departed voluntarily, while under an order of exclusion, deportation, or removal shall be removed from the United States by reinstating the prior order.").)  Clearly, Khemlall's detention is governed by 8 U.S.C. § 1231(a)(5).

In such a case, the prior order, automatically reinstated, "is not subject to being reopened or reviewed" at all.  8 U.S.C. § 1231(a)(5).  Furthermore, the subject of the order is not eligible and may not apply for any relief under the relevant immigration laws.  Id.; see also Lema v. Holder, 363 F. App'x 88, 90 (2d Cir. 2010) (aliens "'have no constitutional right to force the government to re-adjudicate a final removal order by unlawfully reentering the country'"); Garcia-Villeda v. Mukasey, 531 F.3d 141, 148, 151 n.8 (2d Cir. 2008) ("illegal reentrants are now categorically declared ineligible for any relief from removal" except for withholding of removal due to reasonable fear claims).

### B.   Statutory Framework Governing Removal of Illegal Reentrants

The statute controlling post-removal order detention, 8 U.S.C. § 1231, provides for a 90 day removal period after an alien has been detained and ordered removed.  8 U.S.C. § 1231(a)(1)(A) ("Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days . . . .").  The 90 day removal period begins on "the date the order of removal becomes administratively final." 8 U.S.C. § 1231(a)(1)(B)(i).  An "order of deportation," which is synonymous with an "order of removal," see Herrera-Molina v. Holder, 597 F.3d 128, 140 n.4 (2d Cir. 2010), becomes final upon "the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B)(ii).  As 8 U.S.C. § 1231(a)(5) mandates that Khemlall may not seek review of his removal order from the date of its reinstatement, it thus became administratively final when it was reinstated on October 21, 2012.  Accordingly, Khemlall's 90 day removal period began on October 21, 2012 as well.  (Dkt. No.1: Pet. ¶ 5b; Pet. App. at 252.)

Authority for Khemlall's detention beyond the 90 day removal period is derived from 8 U.S.C. § 1231(a)(6), which permits for detention of inadmissible aliens at the Attorney General's

discretion.  8 U.S.C. § 1231(a)(6) ("An alien ordered removed who is inadmissible under section 1182 of this title . . . may be detained beyond the removal period . . . .").  In accordance with 8 C.F.R. § 241.4(c)(2), which governs continued detention, the Headquarters Post-Order Detention Unit reviewed Khemlall's custody status regularly, and on each occasion, in its discretion, determined that continued detention was appropriate.  (Dkt. No. 8: Return Exs. D-H; see page 3 above.)  Because Khemlall's continued detention is authorized by 8 U.S.C. § 1231(a)(6), and ICE reviewed  his status pursuant to 8 § C.F.R. 241.4(c)(2), his continued detention beyond the 90 day removal period is lawful.

**C.**      **Petitioner's Claims Of Statutory And Regulatory Violations Are Without Merit**

Khemlall claims he is eligible for relief under 8 C.F.R. 241.4(b)(1), which states that "[a]n alien who has filed a motion to reopen immigration proceedings for consideration of relief from removal, including withholding or deferral of removal . . . , shall remain subject to the provisions of this section unless the motion to reopen is granted," in which case INA § 236 (codified at 8 U.S.C. § 1226) governs custody determinations.  8 C.F.R. 241(b)(1).  However, the unambiguous language of 8 U.S.C. § 1231(a)(5) makes clear that Khemlall's order of removal "is not subject to being reopened or reviewed."  As concerns his underlying order of removal then, Khemlall cannot be in "reopened" proceedings, as that term is defined by 8 U.S.C. 1229a(c)(7), and the order remains final.

Although his withholding proceedings have been remanded, Khemlall cannot be subject to two distinct schemes of detention simultaneously--one governing his underlying final order, and another governing his remanded withholding proceedings--and the statute governing post-order detention for illegal reentrants controls.  Therefore, Khemlall's contention that he is entitled

to a bond hearing also is without merit, because he is not detained pursuant to 8 U.S.C. § 1226, but rather is detained pursuant to 8 U.S.C. § 1231.

Due to his reinstated removal order, the only relief Khemlall is eligible for, and which the immigration judge may grant in remanded proceedings, is withholding.   8 C.F.R. § 1208.2(c)(3)(i) ("all parties are prohibited from raising or considering any other issues, including but not limited to issues of admissibility, deportability, eligibility for waivers, and eligibility for any other form of relief"); see also, e.g., Herrera-Molina v. Holder, 597 F.3d 128, 139 (2d Cir. 2010) ("[T]he Department of Justice has made clear that 'aliens subject to reinstatement of a previous removal order under 241(a)(5)' are 'ineligible for asylum.'").

Withholding is country-specific relief, and the only thing to be determined in the remanded proceedings is whether Khemlall may be removed to Guyana.  8 C.F.R. § 1208.2(c)(2)(i); see I.N.S. v. Aguirre–Aguirre, 526 U.S. 415, 419, 119 S. Ct. 1439, 1443 (1999) ("withholding only bars deporting an alien to a particular country or countries"); Matter of I-S- & C-S-, 24 I. & N. Dec. 432, 434 (BIA 2008) (A "grant of withholding of removal . . . does not afford the respondent any permanent right to remain in the United States.  The regulations make clear that a grant of withholding does not prevent the DHS from removing an alien to a country other than the one to which removal has been withheld." (citations omitted)).  During the pendency of his withholding proceedings Khemlall's removal order may not be executed, returning him to Guyana, but even if Khemlall is found eligible for withholding he still may be removed from the United States to a third country without any judicial review of his underlying removal order.  8 U.S.C. § 1231(b)(2)(e); 8 C.F.R. 208.16(f); 8 C.F.R. 241.8(a).

## III.   KHEMLALL'S DETENTION UNDER 8 U.S.C. § 1231 DOES NOT VIOLATE DUE PROCESS

### A.   Due Process Rights of Aliens Detained Under 8 U.S.C. § 1231

The Supreme Court has interpreted 8 U.S.C. § 1231 as incorporating implied limits on the amount of time an alien may be detained pending removal.  <u>Zadvydas</u> v. <u>Davis</u>, 533 U.S. 678, 689, 121 S. Ct. 2491, 2498 (2001) (§ 1231, "read in light of the Constitution's demands . . . does not permit indefinite detention").  In <u>Zadvydas</u>, the Supreme Court held that 8 U.S.C. § 1231 "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal," and such detention only can continue so long as removal is "reasonably foreseeable."  <u>Zadvydas</u> v. <u>Davis</u>, 533 U.S. at 689, 699, 121 S. Ct. at 2498, 2503.  The Supreme Court set forth a post-removal detention period of six months as "presumptively reasonable."  <u>Id</u>. at 700-01, 121 S. Ct. at 2504-05.  After the six-month period has elapsed, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  <u>Id</u>. at 701, 121 S. Ct. at 2505.[4/]  Under <u>Zadvydas</u>, once removal is no longer reasonably foreseeable continued detention of

---

[4/]      Accord, <u>e.g.</u>, <u>Leslie</u> v. <u>Mule</u>, 423 F. App'x 29, 30 (2d Cir. 2011); <u>Wang</u> v. <u>Ashcroft</u>, 320 F. 3d 130, 145-46 (2d Cir. 2003); <u>Rosario</u> v. <u>New York City</u>, 12 Civ. 4795, 2013 WL 2099254 at *5 (S.D.N.Y. May 15, 2013); <u>Garcia</u> v. <u>Holder</u>, 788 F. Supp. 2d 326, 330 (S.D.N.Y. 2011); <u>Monestime</u> v. <u>Reilly</u>, 704 F. Supp. 2d 453, 458 (S.D.N.Y. 2010); <u>Agoro</u> v. <u>Dist. Dir. for Immigration Custom Enforcement</u>, 09 Civ. 8111, 2010 WL 9976 at *4 (S.D.N.Y. Jan. 4, 2010), <u>aff'd</u>, 403 F. App'x 536 (2d Cir. 2010); <u>Juma</u> v. <u>Mukasey</u>, 09 Civ. 3122, 2009 WL 2191247 at *3 (S.D.N.Y. July 23, 2009) (Peck, M.J.); <u>Kalombo</u> v. <u>Shanahan</u>, 07 Civ. 11350, 2009 WL 1788589 at *4 (S.D.N.Y. June 23, 2009); <u>Duarte-Ceri</u> v. <u>Napolitano</u>, No. 07-CV-500A, 2009 WL 1806694 at *6 (W.D.N.Y. June 23, 2009); <u>Ramos</u> v. <u>Chertoff</u>, No. 07-CV-858, 2009 WL 1563894 at *3 (W.D.N.Y. June 2, 2009); <u>Reyes-Cardenas</u> v. <u>Gonzales</u>, 05 Civ. 5687, 2007 WL 1290141 at *6 (S.D.N.Y. Apr. 30, 2007); <u>Roberts</u> v. <u>Bureau of Immigration & Customs Enforcement</u>, No. 06-CV-774, 2007 WL 781925 at *2 (W.D.N.Y. Mar. 13, 2007); <u>United States</u> v. <u>Guevara-Umana</u>, No. 04 CR 935, 2006 WL 3335058 at *3 (E.D.N.Y. Oct. 27, 2006); <u>Samuel</u> v. <u>I.N.S.</u>, 01 Civ. 3413, 2005 WL 120221 at *2 (S.D.N.Y. (continued...)

10

an alien "not only violates [INA] § 241, it also violates the Due Process Clause." Wang v. Ashcroft, 320 F.3d at 146.  The Supreme Court has held Zadvydas applicable to all categories of aliens covered by 8 U.S.C. §1231(a)(6), i.e., to inadmissible aliens such as Khemlall, as well as criminal aliens.  Clark v. Martinez, 543 U.S. 371, 378, 125 S. Ct. 716, 722-23 (2005).

### B.      Khemlall Has Not Met His Burden Of Proof Under Zadvydas

As an inadmissible alien challenging his detention beyond the six-month period set forth as presumptively reasonable in Zadvydas v. Davis (see above), Khemlall bears the burden of proving that his removal is not reasonably foreseeable.  Zadvydas v. Davis, 533 U.S. 678, 701, 121 S. Ct. 2491, 2505 (2001).  Khemlall provides no evidence to support that conclusion.  Khemlall merely asserts that due to his withholding proceedings, and the likelihood that if withholding is denied he will appeal not only to the Board of Immigration Appeals but also to the Second Circuit, his detention is likely to be prolonged and his removal thereby not reasonably foreseeable.  (Dkt. No. 1: Pet. ¶ 5h; Dkt. No. 14: Pet. Reply Br. at 8-9.)

The Second Circuit has held that a "consistent pattern of seeking and/or receiving numerous judicial stays and filing . . . numerous petitions for reconsiderations and appeals" is not sufficient grounds for a Zadvydas claim.  Abimbola v. Ridge, 181 F. App'x 97, 99 (2d Cir. 2006) (denying petition after more than four years of detention); see, e.g., Garcia v. Dep't of Homeland Sec., 422 F. App'x 7, 8 (2d Cir. 2011) (Petitioner's "removal has been stayed at his own request. This self-inflicted wound cannot establish grounds for a Zadvydas claim.").[5/]  Although Khemlall's

---

[4/]      (...continued)
Jan. 20, 2005).

[5/]      See also, e.g., Leslie v. Mule, 423 F. App'x 29, 30 (2d Cir. 2011); Agoro v. Dist. Dir. for Immigration Custom Enforcement, 09 Civ. 8111, 2010 WL 9976 at *5 & n.72 (S.D.N.Y.
(continued...)

detention has been lengthy, it is not indefinite in the sense that concerned the Supreme Court in Zadvydas, as he will ultimately be removed to Guyana if his application for withholding is denied, or removed elsewhere if he prevails.  Because Khemlall does not provide any additional evidence to support his contention that his removal is not reasonably foreseeable, he has failed to meet his burden under Zadvydas.  Khemlall's due process claim therefore is without merit.

## IV.    THE COURT DOES NOT HAVE JURISDICTION TO REVIEW DISCRETIONARY BOARD OF IMMIGRATION APPEALS DECISIONS

Khemlall further argues that the Court should review the administrative decisions that have continued his detention throughout the pendency of his withholding proceedings.  (Dkt. No. 1: Pet.  ¶¶ 9a-9g.)  The Court, however, cannot review discretionary determinations made by the Board of Immigration Appeals in 28 U.S.C. § 2241 habeas petitions; it only may review "'purely legal statutory and constitutional claims.'"  Sol v. I.N.S., 274 F.3d 648, 651 (2d Cir. 2001) (citation omitted), cert. denied, 536 U.S. 941, 122 S. Ct. 2624 (2002).  As already discussed, Khemlall has not met the burden of proof required to establish a constitutional claim, and he does not raise a statutory claim concerning his custody determinations.  (See pages 10-11 above.)  Rather, he asks the Court to review discretionary determinations made by ICE, which the Court does not have jurisdiction to do.  See, e.g., Hassan v. Holder, 11 Civ. 7157, 2014 WL 1492479 at *9 (S.D.N.Y. Apr. 15, 2014); Sudusinghe v. Ashcroft, 03 Civ. 143, 2003 WL 22299206 at *3 (S.D.N.Y. Oct. 6, 2003) (Lynch, D.J.) ("[T]he Court does not have the authority to reweigh the evidence or review administrative findings of fact and credibility.").

----

5/      (...continued)
Jan. 4, 2010) (& cases cited therein), aff'd, 403 F. App'x 536 (2d Cir. 2010).

12

## **CONCLUSION**

For the reasons set forth above, Khemlall's habeas petition (Dkt. No. 1) is <u>DENIED</u>.

SO ORDERED.

Dated:          New York, New York
                October 8, 2014

                                                    _____
                                                    **Andrew J. Peck**
                                                    United States Magistrate Judge

Copies ECF to: All Counsel